IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. URSINO, | No. CIV S-05-1815-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| PERRY RENIFF, | |
| Defendant. | |
| _____/ | |

Plaintiff, an inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. On November 29, 2005, the court issued an order regarding fee status in this case. Specifically, the court directed plaintiff to pay the full filing fees for this action or submit an application to proceed in forma pauperis within 30 days. In light of problems with prior in forma pauperis applications submitted in this case, the court's November 29, 2005, order provided plaintiff with the specific requirements for presenting the court with a proper in forma pauperis application.

The court's records reflect that the November 29, 2005, order was returned as undeliverable on December 5, 2005. On December 13, 2005, the court directed re-service of the November 29, 2005, order and granted plaintiff 30 additional days to comply. Despite repeated

warnings that this action could be dismissed pursuant to Eastern District of California Local Rule 11-110 as a sanction for non-compliance, plaintiff failed to comply.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules.  See Ghazali, 46 F.3d at 53.

Having considered these factors, and in light of plaintiff's failure to either pay the statutory filing fee or request leave to proceed in forma pauperis, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Failure to file objections within the specified time may waive
6  the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8  DATED:   February 22, 2006.

10  _____
    **CRAIG M. KELLISON**
11  UNITED STATES MAGISTRATE JUDGE